## EVANS v STATE

Ohio Appeals, 9th Dist, Medina Co

No 142. Decided May 25, 1936

William B. Young, Barberton, for plaintiff in error.

R. E. Snedden, Prosecuting Attorney, Medina, for defendant in error.

## OPINION

By WASHBURN, J.

The prosecuting attorney has filed a motion in this court to dismiss the petition in error "for want of jurisdiction," the same relating to jurisdiction of the subject-matter and not to any defect in perfecting the proceedings, but said prosecutor has not pressed said motion, and owing to the desirability of having this court carefully consider and determine the complaint made by the accused, the court has in no manner considered said motion.

The evidence in the record discloses that at the time the plea of guilty was entered the accused was represented by two lawyers—one from Summit County and the other from Medina County—who had a high standing for integrity and ability; that repeated conferences were had with the accused and his attorneys; that finally, on the day before the defendant's plea was changed, there was, at the instance of attorneys for the accused, a meeting in the sheriff's office, at which the accused, his attorneys and his brother were present, as was also the sheriff; that the prosecuting attorney was called into the conference, that the matter of a possible change of plea was discussed, and that the prosecutor refused to accept a plea to any charge less than murder in the first degree; and that it was finally suggested that the defendant plead guilty to homicide generally and leave the matter of degree to be determined by the judge of the Common Pleas Court, and to that the prosecutor agreed.

Accordingly, the next day the accused was brought into court, his two attorneys, his brother and other relatives and the prosecuting attorney being also present, and the court was informed of the desire to change the plea and have a hearing before the court as to the degree of crime.

Thereupon the trial judge, after satisfying himself that that was the wish of the accused, made the entry, and the attorneys for the accused called the accused to the

stand to give evidence which would enable the court to fix the degree of crime; and the accused in open court gave evidence of the circumstances of the killing in quite some detail—the person killed being a young woman who had a bastard child and who was taken, with the child, in an automobile upon a lonely road in the country, and, while the child lay asleep in the car, was inveigled to go into a field and was there shot and killed; and there is evidence in the record that the accused testified at said hearing that later he left the child on a doorstep where he felt sure it would have proper care.

. The testimony of the then trial judge, who related in a general way what took place in his court, was verified, except as to some details, by the testimony of the then prosecuting attorney, by the testimony of the surviving attorney who represented the accused at the time he was sentenced, who was called by the attorney for the accused at this hearing, and also by the testimony of the sheriff's daughter, who was present when the original proceedings took place.

The brother of the accused was examined by the present attorney for the accused, and he testified that he was the one who hired the attorneys to defend his brother and was present at the conferences between the lawyers and the accused, that he was present at said conference held in the sheriff's office the day before the plea was changed, and was also present in court when the plea was changed and the hearing as to degree was had, and that in his judgment the accused understood the result of that conference but that he (the accused) thereafter stated that he thought that the degree of crime should have been second degree murder or less. Said brother also testified that he remembered that the sheriff testified at the hearing to fix the degree of crime, the other witnesses not having remembered that fact.

. Except for the testimony of the accused, the only real material conflict in the evidence is that, while the witnesses for the state testified that the accused related in open court that he fired the shot that killed the victim, the brother in his testimony denied that statement, and said that, while he was asked by the trial judge if he fired the shot, he denied doing so.

Because of the importance of this matter to the accused, we have examined and considered the evidence in the record with special care, and we agree fully with the finding of the trial judge that the record of the court in reference to said change of plea is a truthful record, and that the accused, in open court, acknowledged his connection with said crime and the part he took therein, and that neither his attorneys, the trial court nor the prosecuting attorney did anything irregular or wrongful in the matter, and that everyone connected with the transaction, including his own relatives, believed and were justified in believing that he was guilty of some degree of said homicide, and that he knowingly changed his plea in open court and submitted to the trial judge the question of what degree, and that neither he nor his counsel objected or excepted to the finding of the court or indicated a desire to withdraw the plea of guilty.

A complete record of the evidence given before the trial judge at the time the accused was sentenced is not before this court, and the decision in reference to the degree of crime is not before us for review, but so far as the evidence in the record before us shows, we find no reason for criticizing the action of the trial judge in that regard, or in reference to anything else he did in connection with said matter.

Judgment affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.